**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4245

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

VALERIE CHARLEY,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Orangeburg.   Margaret B. Seymour, District Judge.   (CR-03-558-MBS)

Submitted:  December 12, 2005          Decided:  March 3, 2006

Before LUTTIG and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Katherine E. Evatt, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant.   J. Strom Thurmond, Jr., United States Attorney, William K. Witherspoon, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Valerie Charley appeals her guilty-plea conviction and sentence for conspiracy to possess with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 846 (2000).

Charley asserts that the district court's application of a two-level enhancement under U.S. Sentencing Guidelines Manual § 2D1.1 resulted in a sentence that exceeded the maximum term authorized by the facts established in her plea agreement, in violation of Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005). Although the two-level enhancement for use of a firearm was based upon facts found by the judge and not admitted to by Charley, we conclude that Charley suffered no Sixth Amendment violation. See United States v. Evans, 416 F.3d 298, 300-01 (4th Cir. 2005) (noting that, in determining whether Sixth Amendment error occurred, sentence imposed must be compared to permissible guideline range before adjusting for acceptance of responsibility).

Charley also contends that the district court erred by applying the firearm enhancement to her sentence because it was clearly improbable that the firearm was connected to the drug offense. The district court's enhancement under § 2D1.1(b)(1) is reviewed for clear error. United States v. McAllister, 272 F.3d 228, 234 (4th Cir. 2001). Under the guidelines, a defendant's

offense level must be increased by two under U.S.S.G. § 2D1.1(b)(1) if a dangerous weapon was possessed during the offense. This "adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1(b)(1) comment. (n.3). The Government need not establish a perfect connection between the possession of the firearm and the commission of the drug offense before the enhancement may be applied. See McAllister, 272 F.3d at 234 ("In order to prove that a weapon was present, the Government need show only that the weapon was possessed during the relevant illegal drug activity."). Evidence of firearms in proximity to illegal drugs can support a conclusion that the firearms were possessed during the commission of the drug offense. See United States v. Harris, 128 F.3d 850, 852 (4th Cir. 1997) (noting that the test requires nothing more than that the guns be located in the same place where drugs are stored or distributed).

Here, it is undisputed that Charley distributed cocaine base from her residence. Moreover, it is also undisputed that in executing a search warrant, police recovered a firearm from Charley's residence. On these facts we cannot say that the district court committed clear error in applying the firearm enhancement to Charley. Harris, 128 F.3d at 852.

For the reasons set forth above, we affirm Charley's conviction and sentence. We dispense with oral argument because

the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED